## COUNTY OF PROVIDENCE, OCTOBER TERM, 1869, AT PROVIDENCE.

PRESENT:

HON. GEORGE A. BRAYTON, CHIEF JUSTICE.
HON. THOMAS DURFEE, } JUSTICES.
HON. ELISHA R. POTTER, }

CRAWFORD ALLEN *v.* WILLIAM J. HOPPIN, Guardian, and another.

An action against a guardian and his ward jointly, will not lie to recover a debt created by the act of the ward before the appointment of his guardian.

ASSUMPSIT to recover the amount of two promissory notes for $10,000 each, alleged to have been made by the defendant Jenkins, by his lawfully authorized agent or attorney, on the tenth day of September, 1866. Subsequently to the making of said notes, William Jones Hoppin was appointed guardian of the person and estate of the said Jenkins, (the latter being of

full age.) The defendant demurred to the plaintiff's declaration, alleging as a reason for demurrer, (with others not considered by the court,) that the plaintiff had brought his action jointly against the said Jenkins and the said Hoppin as his guardian.

*Ashley and Colwell, Payne with them, for the defendant:*—

I. The plaintiff's action is brought against William J. Hoppin as guardian, and Moses B. Jenkins, jointly. This is a misjoinder of parties, and such an action cannot be sustained. There is no statute authority for an action of this kind against guardian and ward jointly. Section 25 of chapter 138 of the Revised Statutes only authorizes suit in certain cases against the guardian alone, within one year after his appointment and notice ; and there is no provision for rendering a judgment against the guardian in any case. *Willard* v. *Fairbanks*, 8 R. I. 1.

II. 1. There is no statute provision for a judgment in the same action against Jenkins personally, and also against the guardian as to the estate in his hands, nor can such a judgment be rendered without statutory provision therefor. 2. It is not analogous at all to a suit against husband and wife for cause of action on the part of the wife, for in that case the husband is personally liable jointly with the wife, and the suit could not be brought differently. Here the ward or the guardian may be, and indeed must be, sued alone. 3. Nor is the case at all analagous to an action against parties jointly liable, one of whom has taken the poor debtor's oath. Such oath does not alter the legal liability of the parties or the right to sue them as before.

*Currey and Sheffield, for the plaintiff:*—

I. The answer to the first cause of demurrer is contained in the provisions of section 25, chapter 138 of the Revised Statutes. The statute is an express authority for suit against a guardian.

II. As to the second cause of demurrer. 1. A judgment binds only those who are parties to it or to the action. 2. As at common law, Jenkins would be the only party, suppose the guardianship removed pending suit against the guardian alone, would the suit go on ? or, if after judgment, would the judgment

bind Jenkins? 3. On a judgment in this action the execution would run against Jenkins personally, and against his estate in the hands of Hoppin the guardian. It is analagous to an action against husband and wife for cause of action on the part of the wife ; or against parties one of whom is admitted to the poor debtor's oath in the suit. The provisions of chapter 138 of the Revised Statutes have created between guardian and ward relations in suits of this character similar to those at common law in suits between husband and wife.

BRAYTON, C. J. The demurrer in this suit is to the declaration, and the principal ground of demurrer set up, in the misjoinder of parties. The defendant, Moses B. Jenkins, for incompetency to manage his estate, has been placed and is under guardianship, and the defendant, William J. Hoppin, was, at the commencement of the suit, and still is, the acting guardian of said Jenkins's person and estate, duly appointed by the Court of Probate. The causes of action set out in the declaration are certain promissory notes alleged to have been made and delivered by the said Jenkins before any proceeding for the appointment of a guardian, and upon which, if he became liable at all, his liability occurred before the defendant Hoppin became guardian. It is not alleged or suggested that Hoppin became jointly bound with his ward in the making of these promissory notes, or that his name is upon them. The liability of Jenkins was originally a sole and several liability, and so continued until the appointment of a guardian. The right of action was against Jenkins only.

We do not see how this was changed by the appointment of a guardian. The guardian, upon giving bond, assumes all the duties of that office. He is to return an inventory of the ward's estate. He is to exhibit to the Court of Probate a list of all the claims presented to him for payment—all the liabilities of his ward ; and would be required to exhibit this claim as the several liability of his ward. He is to apply the property of his ward to their payment as to the debts of the ward, and not as his own debts. There is nothing in all these duties which implies that they are to be treated as his debts, either several or

joint. If he is liable, it is because his duty is to pay the debt of another, which he refuses to do, and that also must, from its nature, be a several liability.

There is nothing that takes away the common law right of action against the ward for his individual debt, and upon his original, several, sole, contract. Assuming, for this purpose, that the statute confers a right of action against the guardian for the debt contracted by the ward, it is one against him alone, and not jointly with another.

We do not see how there could be, in any case, a joinder of these parties in the same action. The joinder is not necessary to bind other parties when the guardianship ceases. A judgment against the ward would bind everybody necessary to be bound. It would bind the guardian. It would bind the ward when the guardianship shall be removed. In case of the ward's death, it would bind his administrator. It is not necessary, therefore, for this purpose, that the guardian be joined. If the guardian refuses or neglects to apply the estate of the ward to the payment of the debts ascertained and settled, it is declared to be a forfeiture of his bond, and suit may be brought thereon at the instance of any creditor, and judgment rendered thereon as an administration bond, and the creditor may have execution for his debt.

*Demurrer sustained.*